**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Rob NITE, Defendant–Appellant.**

**No. 98–56980.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2000[1]

Decided March 29, 2000

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rob Nite, Taft, California, in Pro per, for the defendant-appellant.

Melinda Hardy, Assistant General Counsel, Securities and Exchange Commission, Washington, D.C., for the plaintiff-appellee.

Before: BOOCHEVER, LEAVY, and TASHIMA, Circuit Judges.

PER CURIAM:

Rob Nite, a federal prisoner, appeals pro se the district court's summary judgment for the Securities and Exchange Commission ("SEC") in its securities fraud action, alleging that Nite violated antifraud provisions of federal securities laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996), and we vacate and remand.

Nite allegedly succeeded in getting sixteen individuals to invest a total of $3,678,500 on his promises of very high rates of returns. The investors lost all the money they invested with Nite. When the SEC brought this securities fraud action against Nite, he was incarcerated on other unrelated fraud convictions. Nite answered the SEC's complaint, denying all the charges. Nite also brought counterclaims alleging libel and slander, malicious prosecution, and fraud. The district court dismissed these counterclaims and they are not part of this appeal.

The SEC filed its motion for summary judgment and Nite did not file an opposition. The SEC then filed a reply, noting that Nite had not responded to its summary judgment motion. The SEC's summary judgment motion and reply were served on Nite in prison. The district court then granted summary judgment for the SEC, enjoining Nite from further violations of certain securities laws and ordering disgorgement and pre-judgment interest totaling $4,558,815.85 and civil penalties of $100,000.

Upon our review of the record, we conclude that Nite had insufficient notice of the requirements for opposing the SEC's summary judgment motion. *See Rand v. Rowland,* 154 F.3d 952, 960–61 (9th Cir. 1998) (en banc), *cert. denied,* —— U.S. ——, 119 S.Ct. 2392, 144 L.Ed.2d 793 (1999); *Klingele v. Eikenberry,* 849 F.2d 409, 411–12 (9th Cir.1988); *see also* Fed. R.Civ.P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").

The district court should not have proceeded to summary judgment without ensuring that Nite had been advised of his obligation to respond. We have consistently held that pro se prisoners are entitled to fair notice of the requirements of the summary judgment rule. *See Rand,* 154 F.3d at 960–61; *Klingele,* 849 F.2d at 411–12. This rule applies to all prisoners. Although *Rand* discusses a prisoner's handicaps in "prosecuting" his case, *see Rand,* 154 F.3d at 958, Nite, as a pro se prisoner defendant in this action, was simi-

larly disadvantaged in defending against the SEC's summary judgment motion. Pro se prisoner defendants and plaintiffs are equally saddled with "the twin infirmities of imprisonment and proceeding without counsel." *Id.*

We vacate the district court's summary judgment and remand so that the district court may provide the required notice, and Nite may be given the opportunity to file an opposition to the summary judgment motion. *See Rand,* 154 F.3d at 962 & app. "A" (model notice).

VACATED and REMANDED.