**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEVER-LEIGH B. PENNEY, | No. 13-55449 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05567-ODW-MAN |
| v. | |
| NDEX WEST LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 24, 2016[**]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Bever-Leigh B. Penney appeals pro se from the district court's summary judgment in her action alleging federal and state law claims relating to the foreclosure of her property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *SEC v. Nite*, 207 F.3d 1134, 1135 (9th Cir. 2000). We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for Wells Fargo Bank, N.A. ("Wells Fargo") because Penney failed to raise a genuine dispute of material fact as to whether she was damaged by reliance on a false promise that Wells Fargo would not foreclose on the property during the evaluation of her Home Affordable Mortgage Program application. *See Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (setting forth the elements of a fraudulent misrepresentation claim); *Rossberg v. Bank of America, N.A.*, 162 Cal. Rptr. 3d 525, 539 (Ct. App. 2013) (setting forth the elements of a promissory fraud claim); *US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 904-05 (2005) (setting forth the elements of a promissory estoppel claim).

The district court did not err in failing to sua sponte recuse itself because Penney did not demonstrate extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *see also Noli v. CIR*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (citation and internal quotation marks omitted)).

Contrary to Penney's contention, the district court had subject matter jurisdiction over this action under 28 U.S.C. § 1331, and it was not required to remand this action to California state court.

We reject Penney's contention that the district court erred in failing to order an accounting.

We do not address matters not specifically and distinctly raised and argued in the opening brief or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.